**UNITED STATES of America,**
**Plaintiff,**

v.

**Gualberto HERNANDEZ, Defendant.**

**Nos. CR. A. 93–61–JJF, CIV.**
**A. 97–227–JJF.**

United States District Court,
D. Delaware.

Aug. 13, 2001.

Richard G. Andrews, Esquire, Acting United States Attorney and Keith M. Rosen, Esquire, Assistant United States Attorney, of the United States Department of Justice, Wilmington, Delaware. Attorney for Plaintiff.

Gualberto Hernandez, Pro Se Defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is a Motion For Relief From The November 19, 1998 Judgment Pursuant To Rule 60(b) Of Federal Rules of Civil Proc. [sic] (D.I.48) filed by Defendant, Gualberto Hernandez. By his Rule 60(b) Motion, Defendant requests the Court to reconsider its previous decision denying Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28 U.S.C., Section 2255 (D.I.37). For the reasons set forth below, Defendant's Rule 60(b) Motion will be denied.

## BACKGROUND

On January 5, 1994, Defendant pled guilty to two counts, Counts I and IV, of a five count indictment pursuant to a Memorandum of Plea Agreement. Count I charged Defendant with possession with intent to distribute cocaine. Count IV charged Defendant with possession of a firearm by a felon. On March 9, 1994, the Court sentenced Defendant to 235 months imprisonment.

Shortly thereafter, Defendant filed an appeal based on sentencing issues. After briefing by the parties, the Court of Appeals for the Third Circuit issued a Judgment Order on September 12, 1994, affirming the Court's sentencing determination.

By Memorandum Opinion and Order dated November 19, 1998, the Court dismissed Defendant's Section 2255 Motion. Nearly two years later, Defendant filed the instant Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Government has filed a Response (D.I.53) to Defendant's Motion, and Defendant has filed a letter in reply to the Government's response dated July 6, 2001. Accordingly, Defendant's Rule 60(b) Motion is ripe for the Court's review.

## DISCUSSION

**I. Whether Defendant's Rule 60(b) Motion Should Be Treated As A Second Or Successive Section 2255 Motion**

By his Rule 60(b) Motion, Defendant contends that his conviction and sentence are unconstitutional after the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Specifically, Defendant contends that the indictment against him did not contain the factors to trigger the felony that would qualify Defendant as a career offender and did not allege a specific quantity of drugs.

In response to Defendant's Motion, the Government contends that Defendant's Motion should be construed as a second or successive Section 2255 Motion, because the Motion revisits issues presented in Defendant's original Section 2255 Motion. If the Motion is treated as a second or successive Motion, then the Government contends that Defendant must seek leave in the Court of Appeals for the Third Circuit to file the Motion.

Defendant has filed a letter reply to the Government's response, in which he contends that his Rule 60(b) Motion should not be treated as a second or successive Section 2255 Motion. In support of his position, Defendant relies on a recent case decided by the Court of Appeals for the Second Circuit, *Rodriguez v. Mitchell,* 252 F.3d 191 (2d Cir.2001). In *Rodriguez,* the Second Circuit directly addressed the question of whether a Rule 60(b) motion to vacate a judgment denying habeas relief should be considered a second or successive habeas petition and concluded that "a motion under Rule 60(b) to vacate a judgment denying habeas is not a second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b)." *Id.* at 197.

The Court of Appeals for the Third Circuit has yet to address this issue directly. However, in *Landano v. Rafferty,* 897 F.2d 661, 668 (3d Cir.1990), the Third Circuit evaluated a Rule 60(b) motion as if it were a habeas petition by applying the exhaustion requirement to the motion and dismissing it on the grounds of non-exhaustion. Thus, by its own treatment of a Rule 60(b) motion, the Third Circuit has, at least implicitly, recognized the propriety of construing a Rule 60(b) motion as a second or successive habeas petition. Moreover, the clear majority of courts considering this issue, including courts in this circuit, have concluded that a Rule 60(b) motion challenging a previous judgment denying habeas relief may be treated as the functional equivalent of a second or successive habeas petition.[1] *Burke v. United States,* 1999 WL 1065217, *1–2 (E.D.Pa. Nov.23, 1999); *Dietsch v. United States,* 2 F.Supp.2d 627, 637 (D.N.J.1998).

In departing from the majority approach, the Second Circuit found that the majority of courts treating Rule 60(b) Motions as second or successive habeas petitions "offered little explanation in support of their reasoning" and generally relied on citations to one another to support their holdings. *Rodriguez,* 252 F.3d at 199–200. Disagreeing with these cases the Second Circuit essentially provided two reasons for its position that Rule 60(b) motions should not be treated as second or successive habeas petitions. First, the Second Circuit found that a Rule 60(b) motion seeks a different objective than a habeas petition, because "while it is undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction, it does not seek that relief. It seeks only to vacate the federal court judgment dismissing the habeas petition." *Id.* at 198. In addition, the Second Circuit reasoned that a Rule 60(b) motion should not be

---

1. *See United States v. Bovie,* 2001 WL 863578 (10th Cir. Jul.31, 2001) (treating Rule 59(e) and Rule 60(b) motions as implied application to file a second, successive habeas petition) (citing *Lopez v. Douglas,* 141 F.3d 974, 975–976 (10th Cir.1998)); *United States v. Queen,* 246 F.3d 670 (4th Cir.2001); *Ebeck v. United States,* 205 F.3d 1345 (8th Cir.1999) (citing *Guinan v. Delo,* 5 F.3d 313, 316–317 (8th Cir.1993)); *United States v. Rich,* 141 F.3d 550, 551 (5th Cir.1998), cert. denied, 526 U.S. 1011, 119 S.Ct. 1156, 143 L.Ed.2d 221 (1999); *Thompson v. Calderon,* 151 F.3d 918, 921 (9th Cir.1998) (en banc); *McQueen v. Scroggy,* 99 F.3d 1302, 1335 (6th Cir.1996); *Felker v. Turpin,* 101 F.3d 657, 660–661 (11th Cir.1996) (per curiam).

treated as a second or successive habeas petition, because "the grounds asserted in support of the motion under Rule 60(b) may well have nothing to do with the alleged violations of federal rights during the ... criminal trial that are asserted as a basis for the habeas." *Id.* at 199 (enumerating the grounds for relief under Rule 60(b)).

After reviewing the reasoning of the Second Circuit, the Court declines to depart from the majority's approach and the Third Circuit's tacit approval of that approach, absent express guidance from the Third Circuit to the contrary. In addition, while the reasoning of the Second Circuit may have been applicable to the Rule 60(b) motion before it in *Rodriguez*, the Court believes that in this case, it would be difficult to reconcile the Second Circuit's approach with the actual substance of Defendant's Rule 60(b) Motion. First, Defendant expressly requests the Court to take action far beyond vacating the Court's previous judgment. Indeed, Defendant requests the Court to (1) "dismiss the counts of the indictment that purported to charge a violation of 21 U.S.C. § 841(a) for failure to allege a drug amount;" and (2) "resentence [Defendant] for simple possession of a substance that contained cocaine (with no drug amount) as provided by Title, 21, U.S.C., § 844(a)." (D.I. 49 at 15).

█ Further, contrary to the Second Circuit's position that a Rule 60(b) motion should be treated differently than a second or successive petition because it "may well have nothing to do with the alleged violations of federal rights during the ... criminal trial that are asserted as a basis for the habeas," in this case, Defendant's Rule 60(b) Motion deals exclusively with alleged violations of his federal rights and has nothing to do with mistake, inadvertence, surprise, or fraud, i.e. the very

grounds upon which the Second Circuit cites in support of its decision to treat Rule 60(b) motions differently than second or successive petitions. *Rodriguez,* 252 F.3d at 199 (noting that petitioner's Rule 60(b) motion was grounded in allegation that his attorney made fraudulent representations to the federal district court and observing that these grounds relate to the integrity of the federal habeas proceeding and not to the integrity of the state criminal trial). Thus, absent controlling precedent to the contrary and given the precise nature and content of Defendant's Rule 60(b) Motion, the Court concludes, consistent with the majority of courts on this issue, that Defendant's Rule 60(b) Motion is appropriately construed as a second or successive Section 2255 motion.

Pursuant to 28 U.S.C. 2244(a)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this case, the Government has represented that it is not aware of any application having been made by Defendant or of any authorization having been granted to Defendant to proceed with his second or successive Section 2255 Motion. Likewise, the Court has no indication that Defendant has applied for or been granted the required authorization from the Third Circuit under Section 2244. Defendant has filed a letter reply to the Government's Response to his Motion, and Defendant has not contested the Government's position that no authorization has been granted or sought by Defendant for a second Section 2255 Motion. Thus, because Defendant's Rule 60(b) Motion is construed as a second or successive Section 2255 Motion, and Defendant has failed to obtain the proper authorization to file

such a motion, the Court will deny Defendant's Rule 60(b) Motion.[2]

## II. Whether Defendant Has Established Circumstances Justifying Relief Under Rule 60(b)

■ In the alternative, even if Defendant's Rule 60(b) Motion was not construed as a second or successive Section 2255 Motion, the Court concludes that Defendant would not be entitled to relief. The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan,* 638 F.2d 646, 648 (3d Cir.1981). The remedy provided for in Rule 60(b) is considered an "extraordinary" remedy which is only justified in "special circumstances." *Moolenaar v. Government of the Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir.1987) (citations omitted).

■ In this case, Defendant's Rule 60(b) Motion is based on his contention that the Court should retroactively apply the Supreme Court's decision in *Apprendi* so as to conclude that Defendant was illegally sentenced as a career offender. An intervening change in the law having retroactive application may, in special circumstances, warrant relief under Rule 60(b). *See e.g. Cornell v.. Nix,* 119 F.3d 1329 (8th Cir.1997) (citations omitted). However, this Court has concluded, consistent with the majority of courts addressing this issue, that *Apprendi* does not have retroactive application. *United States v. Robinson,* 2001 WL 840231 (D.Del. Jul.20, 2001) (Farnan, J.) (collecting cases). Accordingly, the Court concludes that Defendant is not entitled to relief on the claims asserted in his Rule 60(b) Motion.

## CONCLUSION

For the reasons discussed, Defendant's Motion For Relief From The November 19, 1998 Judgment Pursuant To Rule 60(b) Of Federal Rules of Civil Proc. [sic] will be denied.

An appropriate Order will be entered.

## ORDER

At Wilmington, this 13 day of August 2001, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Defendant's Motion For Relief From The November 19, 1998 Judgment Pursuant To Rule 60(b) Of Federal Rules of Civil Proc. [sic] (D.I.48) is DENIED.

2. Because the Court finds that Defendant has failed to make "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

---

**2.** *See Crosslin v. United States of America,* 2001 WL 863616 (N.D.Tex. Jul.13, 2001) (dismissing Rule 60(b) motion raising an *Apprendi* claim as uncertified successive Section 2255 motion).