Jaime AIRD, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CRIM.98–0057–W.S.
No. CIV.02–0807–W.S–C.

United States District Court,
S.D. Alabama.
Southern Division.

Oct. 8, 2004.

Jaime Aird, Coleman, FL, for Plaintiff.

## *ORDER*

STEELE, District Judge.

This action comes before the Court on petitioner Jaime Aird's Request for Relief from Judgment (doc. 89). In his Request, Aird seeks "relief from the judgment denying his § 2255 motion." (Request, at 1, 4, 10, 11.) The Request alleges that such relief is mandated, *inter alia,* by the Supreme Court's recent decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), both of which Aird claims establish that the Court committed "clear error and error of law" in denying his petition. (Request, at 1, 2, 4, 11.)

### A. Background.

In June 1999, a jury in the Southern District of Alabama found Aird guilty of one count of conspiracy to possess with intent to distribute cocaine, in violation of 18 U.S.C. § 846, and five counts of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a). On September 22, 1999, Aird was sentenced to life imprisonment on the conspiracy count, and to a term of 480 months' imprisonment on each of the possession counts.[1] On direct appeal, the Eleventh Circuit reversed Aird's conviction on four of the § 841 counts on statute of limitations grounds; however, the conviction and sentence on the remaining possession count, as well as the conspiracy count, were affirmed.

On October 31, 2002, Aird filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (doc. 80). The § 2255 petition sought relief on the basis of alleged ineffective assistance of counsel in three respects: (1) failure to object at trial and on direct appeal to alleged constructive amendment of indictment; (2) failure to object at trial to admission of Rule 404(b) evidence concerning Aird's prior conviction on federal drug conspiracy charges; (3) failure to preserve an objection pursuant to *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) at sentencing, or to raise an *Apprendi* claim on direct appeal.

On June 7, 2004, Magistrate Judge Cassady entered an 18–page Report and Recommendation (doc. 86), analyzing each of Aird's § 2255 claims and recommending that the petition be denied in its entirety. Aird submitted extensive objections. On July 1, 2004, after careful review of Aird's objections and the entire record in this case, the undersigned entered an Order (doc. 88) adopting the Report and Recommendation, overruling Aird's objections and denying the § 2255 petition.

Aird now comes forward with a request for "relief from judgment" on the asserted grounds that the Court committed clear error in denying his petition. Inasmuch as Aird seeks reconsideration of the July 1 Order on the basis of perceived errors of law, his Request can reasonably be construed either as a motion to alter or amend judgment pursuant to Rule 59(e), Fed. R.Civ.P., or as a motion for relief from judgment pursuant to Rule 60(b), Fed. R.Civ.P. The Court will analyze this Request in accordance with Rule 59(e).[2]

---

1. These sentences were, in part, the product of Judge Vollmer's determination that Aird was responsible for at least 150 kilograms of cocaine.

2. Determination of the rule on which Aird's Request is predicated is not a straightforward endeavor. Although the Request cites Rule 59(e) in its title, it does not otherwise mention Rule 59(e) or Rule 60(b) anywhere. Moreover, in determining whether a motion is brought pursuant to Rule 59(e) or Rule 60(b), the law is clear that "the style of a motion is not controlling." *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir.1988); *see also Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1020 (11th Cir.1988) (nomenclature does not determine status of post-trial motion). Aird's Request is heavily steeped in language specifying his wish to be granted "relief from the judgment." This is the lexicon of Rule 60(b), which authorizes a court "[o]n motion and upon such terms as are just" to "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for various legal and equitable reasons. Rule 60(b), Fed.R.Civ.P. By contrast, Rule 59(e) is framed in terms of altering or amending judgment, not granting relief from judgment. Given the Request's ambiguity, the rule governing the Request may be assessed by reference to the ten-day filing distinction between Rule 59(e) motions (which must be filed within 10 days after entry of judgment) and Rule 60(b) motions (which generally may be filed at any time within one year after entry of judgment). As discussed *infra*, the Court finds that the Re-

### B. Analysis.

#### 1. Request is Timely under Rule 59(e).

 A motion to alter or amend judgment "shall be filed no later than 10 days after entry of the judgment." Rule 59(e), Fed.R.Civ.P.; *see also Jackson v. Crosby*, 375 F.3d 1291, 1295 (11th Cir.2004) (Rule 59(e) motion is timely only if it is filed no later than 10 days after entry of judgment). This deadline is jurisdictional and cannot be altered or extended by the Court. *See, e.g., Wright v. Preferred Research, Inc.*, 891 F.2d 886, 890 (11th Cir. 1990) (ten-day period for filing a Rule 59(e) motion is jurisdictional and cannot be extended); *Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 401 (2nd Cir.2000) (Rule 59(e) time limit is "uncompromisable"); *Kurz v. Chase Manhattan Bank USA, NA.*, 324 F.Supp.2d 444, 448 (S.D.N.Y.2004) (court has no power to waive Rule 59(e) filing deadline). In computing whether a Rule 59(e) submission is timely filed within the requisite 10–day window, courts adhere to the guidelines set forth in Rule 6(a), which exclude intermediate Saturdays, Sundays, and legal holidays. *See, e.g., Jackson*, 375 F.3d at 1295; *Lichtenberg*, 204 F.3d at 401. The Court also bears in mind that *pro se* prisoners are generally entitled to the benefit of the so-called "mailbox rule," under which their pleadings are deemed filed when they are delivered to prison officials for mailing.

*See, e.g., Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 n. 4 (11th Cir.2001); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir.2001) (applying mailbox rule to deem *pro se* prisoner's motion to vacate filed as of the date it is delivered to prison authorities for mailing); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir.1999) (similar); *see generally* Rule 4(c)(1), Fed.R.App.P.

 In this case, the Order denying Aird's § 2255 petition was entered and docketed on July 1, 2004. Excluding intermediate weekend days and the July 5 Independence Day holiday, the 10–day period expired on July 16, 2004. Although Aird's Request was not received and filed by the Clerk's Office until July 26, 2004, the certificate of service on that filing is dated July 16, 2004, and it appears that Aird delivered the Request to prison officials for mailing on that date. Therefore, under a straightforward application of the mailbox rule, the Rule 59(e) motion is timely and it will be considered on that basis.[3]

#### 2. Request is Barred for Lack of Jurisdiction.

 Antecedent to assessing the merits of Aird's motion to alter or amend judgment, the Court considers whether it has jurisdiction to consider the motion at all.

quest was filed within 10 days after dismissal of his petition, and that it therefore is properly construed under Rule 59(e). This approach redounds to Aird's benefit, because if it were a Rule 60(b) motion, the Request would unquestionably be jurisdictionally barred pursuant to the clear holding of the *Gonzalez* opinion discussed *infra*.

3. Had the Request been untimely under Rule 59(e), it would be automatically converted into a Rule 60(b) motion for relief from judgment. *See, e.g., Mahone v. Ray*, 326 F.3d 1176, 1177–78 n. 1 (11th Cir.2003) (deeming

motion to reconsider filed more than 10 days after judgment to have been brought pursuant to Rule 60(b)); *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir.2003) (treating habeas applicant's motion for reconsideration as a Rule 60(b) motion because it "was filed more than ten days after the entry of judgment"); *see generally Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir.1997) ("A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought.").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted to ensure greater finality of state and federal court judgments in criminal cases. To that end, AEDPA greatly restricts the filing of second or successive petitions for relief under § 2254 or § 2255. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (without appellate authorization, district court lacks jurisdiction to consider a second or successive petition); 28 U.S.C. § 2244(b)(3)(A).

The Eleventh Circuit recently had occasion to consider the interstices between AEDPA's stringent restrictions on successive petitions and motions filed under Rule 60(b), seeking relief from judgment. In *Gonzalez v. Secretary for Dep't of Corrections*, 366 F.3d 1253 (11th Cir.2004) (*en banc*), the court observed that the broadly discretionary and equitable provisions of Rule 60(b) "are inconsistent and irreconcilable with AEDPA's purpose, which is to greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Id.* at 1271.[4] *Gonzalez* proceeded to rule that Rule 60(b) motions in habeas cases are properly regarded as applications to file second or successive petitions because "otherwise, petitioners could evade the bar against relitigation of claims presented in a prior application, or the bar against litigation of claims not presented in a prior application" simply by labeling a successive petition as a motion for relief from judgment. *Id.* at 1277.[5] The Eleventh Circuit summarized its holding as follows:

> "[A] Rule 60(b) motion seeking to reopen the judgment in a § 2254 or § 2255 case should be denied by the district court, unless it is filed to correct a clerical mistake (meaning it is really a Rule 60(a) motion) or is filed pursuant to Rule 60(b)(3) to remedy a fraud agents of the government perpetrated on the federal court."

*Id.* at 1285–86. By its terms, the *raison d'etre* of the blanket ruling in *Gonzalez* was to preclude clever habeas petitioners from circumventing statutory restrictions on second or successive petitions by filing Rule 60(b) motions. *Id.* at 1277.[6]

On its face, *Gonzalez* is confined to motions for relief from judgment pursuant to Rule 60(b). Nonetheless, it is not apparent why the *Gonzalez* rationale should not extend to encompass Rule 59(e) motions, as well. After all, the Eleventh Circuit and other courts have recognized that a primary determinant of whether a motion

---

4. Indeed, the *Gonzalez* court went so far as to opine that "[t]he severe restrictions on revisiting final judgments that are contained in § 2244(b) are virtually the antithesis of the broad discretion that Rule 60(b) generally gives courts to reopen them." *Id.*

5. This reasoning is consistent with that of a number of other jurisdictions that have considered the issue. *See, e.g., Lopez v. Douglas*, 141 F.3d 974, 975–76 (10th Cir.1998) (holding that petitioner's Rule 60(b) motion was an implied application for leave to file a second habeas petition); *United States v. Hernandez*, 158 F.Supp.2d 388, 390 (D.Del.2001) ("[T]he clear majority of courts considering this issue ... have concluded that a Rule 60(b) motion challenging a previous judgment denying ha-

beas relief may be treated as the functional equivalent of a second or successive habeas petition.") (citing authorities).

6. In its first published application of the *Gonzalez* rule, the Eleventh Circuit showed that *Gonzalez* means exactly what it says. In *Boone v. Secretary, Dep't of Corrections*, 377 F.3d 1315 (11th Cir.2004), a § 2254 petitioner moved to reopen his habeas judgment pursuant to Rule 60(b) based on an intervening change in law. The *Boone* court explained that, under *Gonzalez*, the district court lacked subject matter jurisdiction over the motion and therefore should have dismissed it outright pursuant to 28 U.S.C. § 2244(b)(4), without ruling on the merits or issuing a COA. *Id.* at 1317.

to reconsider is classified as a Rule 59(e) motion or a Rule 60(b) motion is whether it was filed within 10 days after the judgment. *See, e.g., Mahone v. Ray,* 326 F.3d 1176, 1177–78 n. 1 (11th Cir.2003) (motion to reconsider filed more than 10 days after judgment deemed to have been brought pursuant to Rule 60(b)); *Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 762 (7th Cir.2001) ("When a motion to alter or amend a judgment under Rule 59(e) . . . is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion.").[7] Cases are legion for the proposition that a motion to reconsider is construed under Rule 59(e) if filed within the 10–day window, but that it is deemed a Rule 60(b) motion if filed thereafter. (*See* note 3, *supra.*) It is plain that a motion to reconsider filed 11 days post-judgment is a Rule 60(b) motion and is therefore barred from consideration under *Gonzalez's* interpretation of the second or successive habeas petition provision of AEDPA. That being the undisputable law in this circuit, it is difficult to fathom why a *substantively identical* motion filed 10 days post-judgment (and therefore classified under Rule 59(e)) should not also be barred under the same reasoning.

The point can be illustrated with crystalline clarity in the context of this case. Because Aird delivered his motion to reconsider to prison authorities on July 16, 2004 (the tenth day after the Order from which relief is sought), the Court has deemed it a Rule 59(e) motion. Had he delivered precisely the same pleading raising precisely the same objections to precisely the same authorities just one day later, on July 17, 2004, Rule 59(e) would have been unavailable to him and the Court would have automatically converted the Request to a Rule 60(b) motion. With regard to the AEDPA policy considerations animating *Gonzalez,* why should it matter whether the Request was delivered to prison authorities on July 16 or July 17? Stated differently, *Gonzalez* unquestionably would compel the dismissal of Aird's Request as an unauthorized successive petition had he given it to prison authorities for mailing on or after July 17, because it would have been a Rule 60(b) motion filed on grounds other than clerical error or fraud. If the Request would necessarily have been the functional equivalent of a successive petition on July 17, was it not also the functional equivalent of a successive petition on July 16? To call it anything other than a successive petition on July 16, while deeming it a successive petition on July 17, would appear to create a wholly artificial distinction that cannot be justified by the reasoning of *Gonzalez.*

Although this question seems to be one of first impression in this circuit, courts in other jurisdictions have wrestled with the issue of how to treat Rule 59(e) filings in the habeas context. Many of those courts have deemed Rule 59(e) petitions jurisdictionally barred under AEDPA for the same reason that analogous filings under Rule 60(b) are precluded. *See, e.g., Unit-*

---

7. In focusing on the ten-day filing distinction, the Court does not mean to imply that there can be no difference between Rule 59(e) and Rule 60(b) motions other than the relative dates of filing. Indeed, the Eleventh Circuit has, at various times, distinguished Rule 59(e) motions from Rule 60(b) motions based both on time of filing and on the notion that Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits, while Rule 60 applies to motions for reconsideration of matters collateral to the merits. *See Finch v. City of Vernon,* 845 F.2d 256, 258 (11th Cir.1988). Even when the Eleventh Circuit has embraced the substantive/collateral distinction, however, it has conceded that "Rule 59(e) and Rule 60(b)[ ] appear to overlap somewhat," thereby lending credence to the ten-day filing distinction. *Id.*

ed States v. Bovie, 2001 WL 863578, *1 (10th Cir. July 31, 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here" for purposes of successive petition analysis); *Peterson v. Brennan,* 2004 WL 1505253, *5 n. 9 (E.D.Pa. June 15, 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitions); *United States v. Culp,* 2001 WL 789417, *1 (D.Kan. May 3, 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petition under AEDPA); *Bisaccia v. United States,* 2000 WL 1677747, *1 (E.D.N.Y. Sept.18, 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions"); *Alley v. Bell,* 101 F.Supp.2d 588, 669 (W.D.Tenn.2000) (where Rule 59(e) motion reiterates claims previously rejected, its character places it within category of cases proscribed by successive petition doctrine); *United States v. Anderson,* 1998 WL 512991, *1 (E.D.La.

Aug.14, 1998) (construing Rule 59(e) motion as a second § 2255 petition).[8] These courts' rationale for interpreting Rule 59(e) motions in this manner echoes the *Gonzalez* reasoning in the Rule 60(b) context; indeed, in articulating the same analysis that later carried the *Gonzalez* majority, one court explained: "To permit the defendant to proceed on the merits of his claims by restyling his request as a motion to alter and amend the court's decision on his initial collateral attack and proceeding as if the AEDPA did not exist, would render § 2255 ineffectual." *Culp,* 2001 WL 789417, at *1.

■ In light of the foregoing analysis and authorities, it is the opinion of this Court that the *Gonzalez* jurisdictional prohibition on Rule 60(b) motions in the habeas context applies with equal force to Rule 59(e) motions. As such, the Court lacks jurisdiction to consider Aird's motion to reconsider, and must dismiss same.[9]

---

**8.** The Court is cognizant that case law is not unanimous on this point. *See Curry v. United States,* 307 F.3d 664, 665 (7th Cir.2002) (declaring that Rule 59(e) motions are not subject to statutory limitations on successive collateral attacks on criminal judgments because such motions do not seek collateral relief).

**9.** Even if the blanket rule announced in *Gonzalez* does not apply to Rule 59(e) motions, the Court remains of the opinion that jurisdiction is lacking here. Several authorities have rejected such across-the-board rules and have instead required courts to examine the substance of the particular motion to reconsider in order to determine whether it is actually equivalent to a successive petition. *See, e.g., Winestock,* 340 F.3d at 206–07 (holding that district court must examine motions to reconsider in collateral review cases to determine whether they are tantamount to successive applications); *United States v. Cabiness,* 278 F.Supp.2d 478, 481 (E.D.Pa.2003) (similar). Pleadings raising repetitive claims presented in earlier petitions, or that raise abusive claims that could have been presented in such

petitions, are not cognizable. Indeed, AEDPA bars "relitigation of claims presented in a prior application, § 2244(b)(1)," as well as "litigation of claims not presented in a prior application, § 2244(b)(2)," where such claims were previously available. *Calderon v. Thompson,* 523 U.S. 538, 553, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); *see also Winestock,* 340 F.3d at 204; *In re Cain,* 137 F.3d 234, 235 (5th Cir.1998). All of Aird's arguments in his motion to reconsider fall within these categories; therefore, after reviewing the substance of Aird's Rule 59(e) motion, the Court finds that his Request is indeed the functional equivalent of a successive petition. As such, AEDPA bars consideration of the Request, regardless of the ultimate scope and reach of the *Gonzalez* holding. *See Alley,* 101 F.Supp.2d at 669 (Rule 59(e) motions equate to successive petitions where they contain "senseless rehashing of frivolous arguments" brought by *pro se* prisoners who "seek[ ] to utilize a Rule 59(e) motion as a substitute for an appeal, since no filing fee attaches to the motion").

### 3. Request Fails on the Merits.

██ Even assuming that the Court did have jurisdiction to consider Aird's motion (*i.e.*, that the motion is neither automatically deemed a successive petition under *Gonzalez* nor viewed as a successive petition based on a reasonable reading of its substantive allegations) and assuming that consideration of his motion on the merits is proper, Aird would still not be entitled to relief from judgment.

██ Rule 59(e) relief may be granted only under the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Life Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998); *see also NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n. 8 (3rd Cir.1995); *United States v. Battle*, 272 F.Supp.2d 1354, 1357 (N.D.Ga.2003). Viewed through that analytical prism, Aird's Request must fail.

As the Court reads the Request, Aird seeks relief from judgment on the following grounds: (1) the Court committed clear error by denying his claim that trial and appellate counsel were ineffective for failing to challenge alleged constructive amendment of the indictment; (2) the Court's constructive amendment and *Apprendi* analyses were invalidated by the Supreme Court's June 2004 decision in *Blakely v. Washington;* (3) the Court erred in failing to recognize that "petitioner need not succeed on his ineffective assistance of counsel claim in order to receive relief on his *Apprendi* and *Blakely* claim"; and (4) the Court committed clear error by failing to adjudge appellate counsel ineffective in failing to raise an *Apprendi* claim on direct appeal. (Request, at 3–11.) [10]

██ In the view of this Court, Aird's allegations fail to identify manifest errors of law or fact, newly discovered evidence, or changes in law germane to his § 2255 petition. His first argument merely rehashes previously considered and rejected contentions relating to his claim that his counsel rendered ineffective assistance in failing to object to alleged constructive amendment of the indictment. Rule 59(e) relief is not warranted where a party simply reiterates arguments previously considered and rejected in the underlying ruling. *See, e.g., Mincey v. Head,* 206 F.3d 1106, 1137 n. 69 (11th Cir.2000) (explaining that "[t]he function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters"); *In re Worlds of Wonder Securities Litigation,* 814 F.Supp. 850, 874 (N.D.Cal.1993) (Rule 59(e) motion "is not the proper vehicle for revisiting issues that were decided" or for "recapitulation of the cases and arguments considered by the court before rendering its original decision").

██ As for Aird's second argument, arising under *Blakely,* he ignores the fact that his petition presents constructive amendment and *Apprendi* arguments not as free-standing constitutional claims, but exclusively in the guise of ineffective assistance of counsel claims. [11] As a matter of

---

**10.** The third point is the centerpiece of Aird's request; indeed, he stresses that "because [his] convictions and sentences must be vacated in light of the *Apprendi* and *Blakely* errors, the other claims need not be rediscussed." (*Id.* at 10.)

**11.** Indeed, Aird's petition is comprised purely of ineffective assistance of counsel claims. His first ground for § 2255 relief is that "trial counsel was ineffective for failing to make constitutional objections at trial challenging the constructive amendment of the indictment, and counsel was ineffective on appel-

law, the *Blakely* ruling cannot give rise to a viable claim of ineffective assistance of counsel based on trial or appellate counsel's failure to object to events that *Blakely* may have rendered unconstitutional years later. *See, e.g., United States v. Ardley,* 273 F.3d 991, 993 (11th Cir.2001) (describing "a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel"); *see also Spaziano v. Singletary,* 36 F.3d 1028, 1039 (11th Cir.1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.") (citations omitted).[12] Accordingly, *Blakely* has no bearing on Aird's constitutional claims in this action, the sum total of which are limited to claims of ineffective assistance of counsel. Rule 59(e) relief is plainly not warranted on this claim.

■ Third, Aird argues in his motion to reconsider that he is entitled to relief on his *"Apprendi* and *Blakely* claim" irrespective of whether he can prevail on his ineffective assistance of counsel claim. This assertion is frivolous. Aird's § 2255 petition contains no *Apprendi* or *Blakely* claims, *per se*; rather, his sole habeas claim related to the trial court's findings on drug quantity is that counsel was ineffective for failing to raise *Apprendi*-style objections at trial and on direct appeal. To the extent that Aird is attempting through his Rule 59(e) motion to propound brand-new *Apprendi* and *Blakely* claims not hinged on an ineffective assistance of counsel theory, a motion to reconsider is not the appropriate vehicle for him to do so. *See, e.g., Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998) (Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment"); *Mincey,* 206 F.3d at 1137, n. 69 (motion to alter or amend judgment does not confer license on party to present the case under a new legal theory or to raise a matter that could have been presented before entry of final judgment).

Fourth, Aird disagrees with this Court's conclusion that his trial and appellate attorneys did not furnish ineffective assistance of counsel by failing to raise *Apprendi* objections. Once again, Aird simply rehashes arguments he has already made in disagreeing with a decision this Court has already made. This is not a valid basis for altering or amending the judgment. *See Mincey,* 206 F.3d at 1137, n. 69.[13]

---

late review." (§ 2255 Memorandum (doc. 80), at 3.) His second ground for § 2255 relief is that "trial counsel erred by not keeping prejudicial information from the jury." (*Id.* at 16.) His third ground is that "trial counsel was ineffective for not preserving *Jones* objection at sentencing; and appellate counsel was ineffective for failing to raise an *Apprendi* issue on direct appeal." (*Id.* at 22.)

12. This conclusion holds regardless of how meritorious the underlying claim might be. Indeed, "the rule that it is not ineffective assistance for an attorney to fail to foresee a change in the law applies even when the change is such that the forfeited issue was, in

hindsight, a sure fire winner." *Ardley,* 273 F.3d at 993. Therefore, it is of no consequence whether Aird would have been entitled to *Blakely* relief had trial and appellate counsel raised such objections.

13. Even if it were, Aird's arguments ignore the linchpin of the Court's rationale for denying him relief on this claim, to-wit: that Aird offered no evidence from which a reasonable jury might find that he conspired to possess with intent to distribute less than 5 kilograms of cocaine, so as to foreclose the life sentence he received, when the Eleventh Circuit specifically found that the record more than adequately supported Judge Vollmer's finding

Thus, even if the Court considers Aird's Rule 59(e) motion on the merits, he is not entitled to relief from judgment.

### C. Conclusion.

For all of the foregoing reasons, the Court concludes that it lacks jurisdiction to consider Aird's Request for Relief from Judgment Pursuant to Rule 59(e) (doc. 89), and that Request is therefore dismissed. Alternatively, even if the Court did have jurisdiction, Aird's grounds for seeking relief from judgment are meritless and the Request is properly denied.

that Aird was responsible for at least 150 kilograms of cocaine. (*See* July 1 Order, at 5.)