845 F.2d 256
 11 Fed.R.Serv.3d 102
 Leonard FINCH, Plaintiff-Appellee, Cross-Appellant,
v.
CITY OF VERNON, etc., Defendant-Appellant, Cross-Appellee,
Clark Rogers, et al., Defendants,
J.C. Armstrong, Jr., Coleman Armstrong,
Defendants-Appellants, Cross-Appellees.
Rupert D. REDDICK, Plaintiff-Appellee, Cross-Appellant,
v.
CITY OF VERNON, etc., et al., Defendants, Cross-Appellees,
J.C. Armstrong, Jr., Coleman Armstrong,
Defendants-Appellants, Cross-Appellees.
 No. 87-3751.
 United States Court of Appeals,
Eleventh Circuit.
 April 26, 1988.
 
 Julius F. Parker, Jr., Parker, Skelding, McVoy & Labasky, Tallahassee, Fla., for defendants-appellants, cross-appellees.
 George J. Little, Marianna, Fla., for plaintiff-appellee, cross-appellant.
 Appeals from the United States District Court for the Northern District of Florida.
 Before VANCE, KRAVITCH and CLARK, Circuit Judges.
 
 BY THE COURT:
 
 1
 The district court consolidated for trial two civil rights actions involving several common defendants, among them the City of Vernon, Florida, J.C. Armstrong, Jr., and Coleman Armstrong. On October 22, 1986, the jury returned a verdict for both plaintiffs, Leonard Finch and Rupert Reddick. The district court, however, instructed the clerk of court not to enter judgments for the plaintiffs until the court had ruled on the defendants' motions under Fed.R.Civ.P. 50(b) for judgments notwithstanding the verdict.
 
 
 2
 On October 13, 1987, the district court entered an order granting in part and denying in part the JNOV motions of the defendants discussed here. The judgment reflecting this order was entered on October 15, 1987. Five days later, on October 20, 1987, the City of Vernon filed a Motion "for Reconsideration or in the Alternative for Relief from Judgment or Order Pursuant to Rule 60."
 
 
 3
 The district court denied that motion on November 6, 1987. In the meantime, on October 22, 1987, both of the Armstrongs had filed notices of appeal. The rest of the notices of appeal were filed after the district court's November 6 order. Reddick filed on November 12, the City of Vernon on November 13, and Finch on December 3.
 
 
 4
 The City of Vernon's postjudgment motion and the timing of the various notices of appeal present us with the question of whether we have jurisdiction over all five appeals.[1] The Federal Rules of Appellate Procedure provide that a notice of appeal must be filed within thirty days of a final judgment. See Fed.R.App.P. 4(a)(1). However, if any party files a postjudgment motion under Rule 59, the filing period for all parties is tolled, and any notice of appeal filed during this period is a nullity.[2] Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). A new thirty-day period commences when the court decides the Rule 59 motion. See United States v. Healy, 376 U.S. 75, 78, 84 S.Ct. 553, 555, 11 L.Ed.2d 527 (1964); Leishman v. Associated Wholesale Electric Co., 318 U.S. 203, 205, 63 S.Ct. 543, 544, 87 L.Ed. 714 (1943).
 
 
 5
 It therefore makes a great deal of difference whether the City of Vernon's October 20 motion was a Rule 59 motion, which would toll the filing period, or a Rule 60(b) motion, which would not. If the motion did toll the filing period, then the October 22 notices of appeal filed by the Armstrongs were premature, because the motion was not ruled on until November 6. The notices of appeal filed by Reddick, the City of Vernon, and Finch would all be timely because they were filed within thirty days after November 6. Conversely, if the City's motion did not toll the filing period, then Finch's appeal would be untimely, because it was filed 49 days after the final judgment. The Armstrongs', Reddick's, and the City of Vernon's notices of appeals would all be timely, because they were filed within thirty days.
 
 
 6
 We hold that the City's motion is best characterized as a Rule 59(e) motion and, consequently, tolled the time for filing appeals. The only rule specified in the motion's caption was Rule 60, but the style of a motion is not controlling. See Lucas v. Florida Power & Light Co., 729 F.2d 1300, 1302 (11th Cir.1984). In classifying postjudgment motions, this court has drawn a substantive/collateral distinction: "Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits." Id. at 1301; Osterneck v. E.T. Barwick Industries, 825 F.2d 1521, 1526 (11th Cir.1987). Other courts, recognizing that Rule 59(e) and Rule 60(b)(6) appear to overlap somewhat, have drawn a ten-day filing distinction, at least where a motion is being classified for the purpose of a tolling decision: "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." Dove v. Codesco, 569 F.2d 807, 809 (4th Cir.1978) (citation omitted); see Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669-70 (5th Cir.) (in banc), cert. denied, --- U.S. ----, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). The City's pleading qualifies as a Rule 59(e) motion under both tests. It raised the propriety of the district court's insistence on joint and several liability, clearly a substantive issue going to the heart of the judgment,[3] and it was filed within ten days thereof.
 
 
 7
 In urging that Finch's notice of appeal is untimely, the City contends that even if its motion is construed as a Rule 59(e) motion, it did not toll the time for filing a notice of appeal. The City's argument is based on Wansor v. George Hantscho, Co., 570 F.2d 1202 (5th Cir.), cert. denied, 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978). In Wansor, the plaintiff filed a postjudgment motion under Rule 50(b) for judgment notwithstanding the verdict. Rule 50(b) motions toll the time for taking an appeal. See Fed.R.App.P. 4(a)(4). The district court denied that motion, and the plaintiff filed another motion asking the court to reconsider the Rule 50(b) order. The plaintiff did not file his notice of appeal until after the second motion was denied. On appeal, this court held that "[a] motion to reconsider an order disposing of a motion of the kind enumerated in [Rule 4(a)(4) ] does not again terminate the running of the time for appeal." Id. at 1206. The City insists that its second motion falls squarely under the Wansor rule because it too asked the court to reconsider its decision on an earlier Rule 50(b) motion.
 
 
 8
 The City's analogy fails to acknowledge a crucial difference between the posture of Wansor and that here. In Wansor, the plaintiff was arguing that the appeal period could be tolled twice. The court could not approve that result because it would allow a losing party to stall an appeal (and thus a judgment's finality) indefinitely simply by filing one postjudgment motion after another. Here, however, the first motion was filed by the City and ruled upon prior to the entry of final judgment; the second motion did not present the opportunity for the appeal period to be tolled a second time. Furthermore, although the City's second motion did ask for reconsideration of the order that denied in part its Rule 50(b) motion, that second motion also asked for relief from the judgment. The court in Wansor recognized that motions to reconsider judgments were not necessarily analogous to motions to reconsider orders on motions that would toll. See id. at 1206 n. 5.
 
 
 9
 We conclude, therefore, that the City's motion did toll the time for filing notices of appeal until the district court's ruling on November 6, and that all of the notices of appeal filed thereafter--Finch's, Reddick's, and the City of Vernon's--were timely. Because the Armstrongs' notices were filed on October 22, while the motion was pending, they were premature and of no effect. A quirk of this case, however, permits us to find that we do have jurisdiction. The Armstrongs did not file a second notice of appeal within thirty days after November 6, but they did file their brief within that thirty days, on November 20, 1987. Their brief makes quite clear that they intended to appeal the judgment of October 15. Given that they were proceeding pro se, and the fact that the Federal Rules of Appellate Procedure "were not adopted to set traps and pitfalls by way of technicalities for unwary litigants," Des Isles v. Evans, 225 F.2d 235, 236 (5th Cir.1955), we hold that there is jurisdiction over their appeals.[4] See United States v. Rogers, 788 F.2d 1472, 1475 (11th Cir.1986) (notice of appeal requirement is satisfied by any statement clearly evincing the party's intent to appeal); Yates v. Mobile County Personnel Board, 658 F.2d 298, 299 (5th Cir. Unit B Oct. 1981) ("A petition for mandamus filed in this court, however, may also satisfy the notice of appeal requirement, especially when the appellant is proceeding pro se ... and is thus generally ignorant of procedural rules.").
 
 
 10
 This court retains jurisdiction to hear all of the appeals.
 
 
 
 [1]
 For the reader's convenience, we include a chart reflecting all of the relevant dates
 Oct. 22, 1986 Verdict for Finch and Reddick
 Oct. 13, 1987 Order granting and denying in
 part defendants' Rule 50(b)
 motions for judgment
 notwithstanding the verdict
 Oct. 15, 1987 Final judgment entered
 Oct. 20, 1987 City of Vernon's Motion for
 Reconsideration or in the Alternative
 for Relief from Judgment or
 Order Pursuant to Rule 60
 Oct. 22, 1987 Armstrongs' notices of appeal
 Nov. 06, 1987 Order denying City of Vernon's
 October 20 motion
 Nov. 12, 1987 Reddick notice of appeal
 Nov. 13, 1987 City of Vernon notice of appeal
 Nov. 20, 1987 Armstrongs' appellate brief
 Dec. 03, 1987 Finch notice of appeal
 
 
 [2]
 This aspect of the rule is as follows:
 (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); ... (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time as measured from the entry of the order disposing of the motion as provided above.
 Fed.R.App.P. 4(a)(4) (emphasis added).
 
 
 [3]
 The City seems to argue that because its motion did not question the liability aspect of the judgment, it raised only collateral issues. We find that too nice a distinction. In Osterneck, the court held that "Rule 59(e) applies only when a motion seeks reconsideration of substantive issues resolved in the judgment and not when a motion raises exclusively collateral questions regarding what is due because of the judgment." 825 F.2d at 1526 (emphasis added). The $10,000 the City objects to is not owed because of the judgment, as attorneys' fees or costs would be; it is a part of the judgment
 
 
 [4]
 We decline to determine whether a brief filed by a party represented by an attorney might equally qualify as an adequate notice of appeal for the purpose of Rule 4(a)(1)