[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16579
Non-Argument Calendar

_____

D. C. Docket No. 00-01725-CV-T-23-TGW

RON MICKENS,

Plaintiff-Appellant,

versus

POLK COUNTY SCHOOL BOARD,
GLEN REYNOLDS, in his
individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 14, 2006)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Ron Mickens, proceeding pro se, appeals the district court's final judgment in his suit against the Polk County School Board ("Polk County") and Glen Reynolds, alleging various claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, and violations of his due process rights, brought pursuant to 42 U.S.C. § 1983. On appeal, Mickens argues the following: (1) the district court erred in granting Reynolds's unopposed motion to dismiss Mickens's conspiracy claim; (2) the district court abused its discretion in denying Mickens's motion for leave to amend his complaint; (3) the district court erred in denying Mickens's motion for recusal; (4) the district court erred in granting Polk County's motion for summary judgment as to Mickens's due process claims and ADA perceived disability claim, and (5) the district court erred in denying Mickens's motion in limine as an untimely motion for summary judgment. After review, we conclude that Mickens's arguments lack merit.

Mickens also seeks to challenge the district court's entry of judgment as a matter of law against Mickens at to his ADA psychological examination claim and his First Amendment retaliation claim, as well as the jury's verdict in favor of Polk County as to Mickens's Title VII race discrimination and retaliation claims.

However, because Mickens failed to provide this Court with a complete record of the evidentiary proceedings, we are unable to review Mickens's claims on appeal implicating the sufficiency of the evidence. See Fed. R. App. P. 10(b)(2) (placing burden on appellant to ensure record on appeal contains all transcripts relevant to sufficiency of the evidence issues raised by appellant); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (concluding that pro se appellant must also comply with Rule 10(b)).[1]

**AFFIRMED.**

---

[1]Polk County argues that we lack jurisdiction to review the district court's post-judgment order entering judgment as a matter of law against Mickens as to his ADA psychological examination claim because Mickens did not amend his notice of appeal to include this claim. We disagree. Within thirty days of the district court's entry of final judgment in favor of Polk County on this claim, Mickens filed a pro se brief with this Court indicating his intent to appeal that order, which was sufficient to confer jurisdiction. See Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988) (concluding that court of appeals had jurisdiction to review the district court's order granting appellee's post-judgment motion when, within thirty days, appellants filed a pro se brief with this court clearly indicating their intent to appeal the order). However, as we have noted, we are nonetheless unable to review Micken's claims with regard to this order because Mickens failed to provide complete transcripts.