[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13359
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00054-CV-CDL-4

LEO FULLER,

Petitioner-Appellant,

versus

WILLIAM M. TERRY,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 3, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Leo Fuller, a Georgia state prisoner serving a life sentence for rape and theft,

appeals pro se the dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas

corpus. The district court dismissed his petition based on its finding that he did not pay the filing fee or move to proceed in forma pauperis ("IFP") within 20 days of a magistrate judge's order requiring him to do so. We granted a certificate of appealability ("COA") on the issue of:

> Whether the district court erred in failing to reinstate [] Fuller's 28 U.S.C. § 2254 petition, originally dismissed for failure to pay the filing fee, after his application for leave to proceed in forma pauperis was received within the time allotted by the district court?

On appeal, Fuller argues that the district court erred by dismissing, and then failing to reinstate, his § 2254 petition for failure to pay the filing fee or move to proceed IFP, since he filed his request to proceed IFP within the time allotted, but the prison mailroom failed to transmit it in a timely fashion. After careful review, we vacate and remand.

We review a district court's dismissal of a habeas petition de novo. Melson v. Allen, 548 F.3d 993, 996 (11th Cir. 2008), cert. denied, 130 S.Ct. 254 (2009). "A district court's factual findings are reviewed for clear error." Id. at 997. We review a district court's sua sponte dismissal of an action for failure to comply with its orders for abuse of discretion. See Wilson v. Sargent, 313 F.3d 1315, 1318 (11th Cir. 2002) (reviewing a district court's sua sponte dismissal of a prisoner's complaint for failure to comply with its IFP order for abuse of discretion). We must limit the scope of our review to the issues specified in the COA. Murray v.

2

United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). We construe pro se pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A court may authorize the commencement of a suit without prepayment of fees by permitting the litigant to proceed IFP. See 28 U.S.C. § 1915. In order to qualify, a person "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Id. § 1915(a)(1). A prisoner who seeks IFP status must also include a copy of his trust fund account statement for the prior six-month period. Id. § 1915(a)(2). "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Id. § 1915(b)(4).

Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). Absent contrary evidence, we will assume that a prisoner's filing "was delivered to prison authorities the day he signed it." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

Here, the district court dismissed Fuller's § 2254 petition because he did not pay the $5 filing fee or move for leave to proceed IFP within 20 days of the

3

magistrate's May 21, 2009, order requiring him to do so. Although the court had not received Fuller's motion for IFP status at the time of its ruling on June 23, Fuller did submit the motions within the relevant time period. Indeed, under the prison mailbox rule, the motions for IFP status were timely, having been received by the prison on May 27, the date Fuller signed them. Because Fuller in fact complied with the original order requiring him to either pay the partial filing fee or move for IFP status within 20 days, the district court erred in dismissing Fuller's § 2254 petition, albeit through no fault of its own. Accordingly, we vacate and remand the case with instructions to the district court to reinstate the petition and conduct further proceedings.[1]

---

[1] We note that the magistrate subsequently entered an order denying the motions to proceed IFP, finding that (1) Fuller did not establish that he could not pay the filing fee, and (2) in any event, his petition was untimely and he failed to exhaust his state remedies. However, we do not have jurisdiction to consider that order. Although the magistrate's order was docketed on July 2, the same day that the court docketed Fuller's notice of appeal, Fuller signed his notice of appeal on June 27, which means that, under the mailbox rule, the notice of appeal was filed on that date, before the magistrate's order was issued. Adams, 173 F.3d at 1341; Washington, 243 F.3d at 1301. Consequently, Fuller's notice of appeal could not have contemplated the magistrate's order, since that order was not in existence at the time he filed the notice of appeal. See Fed.R.App.P. 3(c) (requiring a notice of appeal to designate a judgment or order); Bogle v. Orange County Bd. of County Comm'rs, 162 F.3d 653, 661 (11th Cir. 1998) (holding that we lacked jurisdiction to review an order that had not been entered at the time the notice of appeal was filed). Moreover, Fuller did not file an amended notice of appeal, nor did he file his appellate brief within 30 days of the magistrate's order, so that it could be construed as an amended notice of appeal challenging the magistrate's order. Fed.R.App.P. 4(a)(1)(A); Finch v. City of Vernon, 845 F.2d 256, 259-60 (11th Cir. 1988) (treating a pro se brief filed within 30 days of a final judgment as an amended notice of appeal). Therefore, we lack jurisdiction to consider the magistrate's conclusions that Fuller was able to pay the partial filing fee and that the § 2254 petition was untimely and potentially unexhausted. See Bogle, 162 F.3d at 661. Furthermore, and perhaps more fundamentally, we also lack jurisdiction to review the issue of whether the magistrate had the legal authority to enter its July 2 order denying Fuller's IFP

As for the other issues Fuller raises on appeal, these are beyond the scope of the COA, and, therefore, we cannot consider them. See <u>Murray</u>, 145 F.3d at 1250-51.

**VACATED AND REMANDED.**

---

motions after he had signed his notice of appeal. <u>See</u> <u>Mahone v. Ray</u>, 326 F.3d 1176, 1179 (11th Cir. 2003) (holding that once a notice of appeal is filed, it ordinarily deprives a district court of jurisdiction over issues that are the subject of the appeal).