[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12179
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-21723-KMM

VALENTINE B. ANDELA,
(Cancer-Africa),

Plaintiff–Appellant,

versus

UNIVERSITY OF MIAMI,
UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2012)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Valentine B. Andela, *pro se*, sued the University of Miami (Miami), where

he once was a student and researcher, and the University of North Carolina (UNC), which had a research relationship with the lab where Andela worked at Miami. Andela's complaint alleges a number of causes of actions from state law contract claims to the Lanham Act, but for the most part they all center on his employment, research, and studies at Miami.

In response to Andela's complaint, Miami and UNC filed motions to dismiss, which the district court converted in part to motions for summary judgment. The district court granted summary judgment in favor of Miami on Andela's employment claims because it found that they were barred by res judicata. The district court also found that UNC was entitled to summary judgment on Andela's Title VII claims because it was not Andela's employer. The district court dismissed Andela's remaining federal claims for failure to state a claim. The district court refused to exercise pendent jurisdiction over Andela's remaining state claims and dismissed them without prejudice.

Andela appeals and asks us to resolve three issues. First, whether the district judge should have recused himself. Second, whether the district court should have granted summary judgment in favor of the defendants. And last, whether the district court should have granted Andela's motion for reconsideration. Because we conclude that the district judge should not have

recused himself, and that he properly rendered summary judgment on Andela's employment claims and properly dismissed his remaining claims, we affirm. We also conclude that the district court properly denied Andela's motion for reconsideration.

I. The district judge's decision not to recuse

We first address Andela's argument that the district judge should have recused. We review the district judge's decision not to recuse for abuse of discretion. *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008).

Andela's motion for recusal is based on the district court's September 29th order dismissing the case without prejudice because the parties had failed to file a joint scheduling report. Earlier, the district court had granted a motion extending the time to file a joint scheduling report until the earlier of October 30 or 10 days after the district court ruled on the defendants' motions to dismiss. As of September 29, the district court had not ruled on the motions to dismiss. After the district court dismissed the case, the defendants sought clarification of the September 29 order. On October 15, the district court realized it had prematurely dismissed the case and reopened it. The original October 30 deadline for filing the scheduling report was restored.

On September 29, the defendants filed a scheduling report on behalf of

3

themselves, as the defendants and Andela were unable to agree about the inclusion of certain statements Andela wished to include in the scheduling report. After the defendants filed their scheduling report, Andela filed a motion for sanctions. The district court denied Andela's motion for sanctions and ordered him to file a scheduling report within 10 days.

Andela filed a scheduling report and on the same day filed a motion seeking the recusal of the district judge. In his motion for recusal, Andela alleged that the district judge had "jumped through hoops" to dismiss the case without prejudice and disregarded Andela's motions for sanctions. The motion also accused the judge of obstructing justice.

A judge must recuse himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455. Generally a judge may only be disqualified for bias that comes from extrajudicial sources. *In re Walker*, 532 F.3d at 1310. Sometimes though, a judge's bias may be demonstrated from his judicial actions if they demonstrate a pervasive bias and prejudice against a party. *Id.* at 1311. This is not such a case.

First, despite the erroneous September 29th dismissal for the parties' purported failure to file a scheduling report, the order does not demonstrate any bias against Andela. To begin with, the order dismissed the case without prejudice

4

and said that the case would be reopened once a scheduling report was filed. More to the point, the district court quickly reopened the case once it was apprised of the case's premature dismissal.

Andela's arguments regarding the district cour's treatment of his motions for sanctions as a basis for recusal are also unpersuasive. Andela filed his first motion for sanctions after the case had been erroneously dismissed but before the district court was apprised of its error. While the district court was under this misapprehension, it dismissed the motion as moot. After the case was reinstated and after Andela filed his motion for recusal, the district court denied that motion for sanctions. The district court denied Andela's motion for sanctions because it did not believe the defendant acted in bad faith. Despite Andela's contention otherwise, the district court was under no obligation to rule on his motion at any point earlier.

Andela's other motion for sanctions, which was based on the parties' failure to file a "joint" scheduling report, was denied because the defendants filed a scheduling report before the deadline after it became clear that they could not come to an agreement with Andela about what to include in the report.

Last, Andela argues that the district court's order rendering summary judgment and dismissing his claims is evidence of the district judge's bias.

Although it would have been impossible for Andela to advance that argument at the time he filed his motion to recuse, he cites it as evidence of bias. We read it, however, only to be an adverse ruling. Adverse rulings are grounds for appeal, but they are rarely grounds for recusal. *In re Walker*, 532 F.3d at 1311. And all Andela has presented to this court are the district judge's rulings against him, none of which raise any question about his impartiality. Accordingly, we conclude that the district judge did not abuse his discretion by not recusing.

## II. Dismissal and Summary Judgment

### A. Andela's Title VII claims against Miami

After Andela was fired from Miami, he filed an administrative complaint against Miami with the Florida Commission on Human Relations (FCHR) and the Equal Employment Opportunity Commission (EEOC). That complaint involved the same facts and cause of action that Andela asserts in his Title VII claims here.

Andela's complaint was investigated and an administrative law judge (ALJ) held a hearing, where Andela and others testified. After the hearing, the ALJ issued a 65-page ruling, which Andela appealed to the FCHR. After the FCHR affirmed the ALJ, Andela appealed once again to the Florida District Court of Appeals. The Florida District Court of Appeals affirmed the FCHR's decision. Andela then decided to sue Miami in federal court.

6

In its order granting summary judgment on Andela's Title VII claims against Miami, the district court found that Andela's claims were barred by res judicata and collateral estoppel because he had appealed the FCHR's determination to the Florida District Court of Appeals. We do not reach that issue, however, because we are barred from considering the grounds on which Andela challenges the preclusive effect of the state court judgment.

Andela argues that the district court should not have found that the Florida District Court of Appeals' judgment barred his Title VII claims because the judgment was procured by fraud. The basis for this fraud seems to be Andela's assertion that the ALJ and the FCHR decided matters outside of their jurisdiction in acting on his complaint. But deciding claims of employment discrimination is clearly a matter within the jurisdiction of the FCHR. Fla. St. § 760.06; *id.* § 760.10. And the Florida District Court of Appeals also clearly had jurisdiction to review the FCHR's decision. *Id.* § 760.11

The remainder of Andela's arguments asks us to do something that we may not. And that is review and reject the state court judgment entered against him. Federal district courts and courts of appeal may not review state court judgments when the losing party in state court brings an action in federal court attacking the previously rendered state court judgment. *Exxon Mobil Corp. v. Saudi Basic*

7

*Indus.*, 544 U.S. 280, 284 (2005). Accordingly, because we may not review the validity of the state court judgment, we dismiss that portion of Andela's appeal.

B. Andela's other federal claims

We review an order granting a motion to dismiss *de novo*. *Amnesty Int'l v. Battle*, 559 F.3d 1170, 1176 (11th Cir. 2009). And we accept as true all of the plaintiffs' well-pleaded allegations. *Id.* We review a district court's order rendering summary judgment *de novo*. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). A party is entitled to summary judgment if, after an adequate time for discovery has passed, it can demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

We first note that the district court properly rendered summary judgment on Andela's claims against Miami and UNC under 42 U.S.C. §§ 1983 and 1985. As the district court noted, Miami, which is a private university, is not a state actor and none of the "rare circumstances" allowing a § 1983 claim against a private actor were alleged. *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Accordingly, the § 1983 claim against Miami was properly dismissed.

Likewise, the claims against UNC were properly dismissed because UNC is a state agency, and thus not a proper defendant under § 1983 or § 1985. *Will v.*

8

*Mich. Dep't of State Police*, 491 U.S 58, 66 (1989).  With the exception of Andela's Title VII claim, UNC's sovereign immunity also precluded Andela's remaining federal claims against it.  And Andela's Title VII claim was properly dismissed because UNC was not his employer and his complaint does not sufficiently allege how UNC interfered with his employment at Miami.  *Pardazi v. Cullman Med. Ctr.*, 838 F.2d 1155, 1156 (11th Cir. 1988).

Andela's Sherman Act claims against Miami were also properly dismissed.  In addition to failing to allege a harm to competition generally, Andela's Section 1 claim fails to allege a contract, combination, or conspiracy in restraint of trade.  In his Section 2 claim, Andela failed to allege the relevant market, which is necessary to state a Section 2 claim.  *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 177 (1965).  Accordingly, the district court properly dismissed Andela's Sherman Act claims for failure to state claim.

Likewise, the district court properly dismissed Andela's Lanham Act claims, because the Lanham Act does not protect against plagiarism.  *Cf. Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 36 (2003).  Likewise, the district court properly dismissed Andela's RICO claim.  Even if the Florida judgment had been obtained through fraud it was a single event, and Andela's complaint does not demonstrate a pattern of racketerring activity or how it

constituted a continuing threat of ongoing criminal activity. *See H.J., Inc. v. Nw.*

*Bell Tele. Co.*, 492 U.S. 229, 240 (1989).

C. Andela's state law claims

We review a district court's refusal to exercise supplemental jurisdiction for

abuse of discretion. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738

(11th Cir. 2006). Because the district court properly dismissed Andela's federal

claims, we find no abuse of discretion in its decision not to exercise supplemental

jurisdiction over his remaining state law claims. *Leib v. Hillsborough Cnty. Pub.*

*Transp. Comm'n*, 558 F.3d 1301, 1305 n.2 (11th Cir. 2009).

III. Andela's Motion for Reconsideration

Ten days after the district court entered its summary judgment order, Andela

filed a motion for reconsideration. Andela argues that the motion should have

been treated as one under Federal Rule of Civil Procedure 60(b). Because

Andela's motion was filed within the period allowed under Federal Rule of Civil

Procedure 59(e) and it asked the district court to set aside the district court's grant

of summary judgement, it was properly treated as a motion under Rule 59(e).

*Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *Finch v. City of*

*Vernon*, 845 F.2d 256, 258–59 (11th Cir. 1988).

We review the denial of a Rule 59(e) motion for abuse of discretion. *Arthur*

10

*v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). In this circuit, a Rule 59(e) motion may only be granted where the movant presents newly discovered evidence or it is necessary to correct manifest errors of law or fact. *Id.* The motion cannot be used to relitigate old matters or raise arguments or present evidence that could have been raised or presented before the entry of judgment. *Id.* Because the "newly discovered" evidence in Andela's Rule 59(e) motion was not unavailable before the entry of judgment and his legal arguments were recapitulations of those from his earlier filings, we conclude that the district court properly denied his Rule 59(e) motion.

**AFFIRMED in part, DISMISSED in part.**