[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10330
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cv-80430-KAM

VERONA EBANKS,

Plaintiff-Appellant,

versus

SAMSUNG TELECOMMUNICATION AMERICA, LLP,
VERIZON WIRELESS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 30, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Verona Ebanks, proceeding pro se, appeals the district court's order denying

her second motion for rehearing of the order granting summary judgment in favor

of Samsung Telecommunications America, LLC ("Samsung") and Verizon

Communications ("Verizon"). Although the basis for Ebanks's challenge to the district court's order is unclear in her pro se brief, she mentions that she failed to provide expert witnesses because her lawyer (who later withdrew from the case) had told her that she would not need them to pursue her claim. Thus, affording her brief a liberal reading, we construe her argument to be that her reliance on the erroneous advice of counsel was grounds for relief from the judgment. After careful review, we affirm.

The Federal Rules of Civil Procedure do not recognize motions for rehearing. Motions for post-judgment relief are classified as falling under either Rule 59(e) or Rule 60(b). See Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988); Fed. R. Civ. P. 59(e), 60(b). We review the denial of post-judgment motions under both Rule 59(e) and Rule 60(b) for abuse of discretion. Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1317-18 (11th Cir. 2013) (Rule 59(e)); Am. Bankers Ins. Co. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) (Rule 60(b)). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063, 1068 (11th Cir. 2014) (quotation omitted).

2

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and brackets omitted). Similarly, "[a]n appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial . . . ." Am. Bankers Ins. Co., 198 F.3d at 1338. "[I]t is not enough that a grant of the [Rule 60(b) motion] might have been permissible or warranted; rather, the decision to deny the motion[] must have been sufficiently unwarranted as to amount to an abuse of discretion." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). An "appellant must demonstrate a justification so compelling that the court was required to vacate its order." Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1132 (11th Cir. 1986).

We read the briefs of pro se parties liberally. Lorisme v. I.N.S., 129 F.3d 1441, 1444 n.3 (11th Cir. 1997). However, issues not briefed on appeal by a pro se litigant are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Even pro se litigants are obligated to demonstrate that there is a genuine issue of material fact in order to escape summary judgment. Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

Affording Ebanks's brief a liberal reading, we construe her argument to be that her failure to provide expert witnesses at the summary judgment phase was due to her reliance on her attorney's assertion that she would not need expert witnesses in order to present her case. Thus, the only issue before us here is whether the district court abused its discretion in denying Ebanks's second motion for rehearing, on the ground that her initial failure to provide expert witnesses was due to her reliance on bad legal advice. In order for us to vacate the denial of her second motion for rehearing -- regardless of which Federal Rule of Civil Procedure she was travelling under -- Ebanks would have to demonstrate that the district court committed a manifest error of law, or that the district court was compelled to vacate its order. Arthur, 500 F.3d at 1343; Solaroll, 803 F.2d at 1132.

Even though she has been proceeding pro se, Ebanks was obligated to gather sufficient evidence during the discovery process to demonstrate to the court that there was a genuine issue of material fact in order to escape summary judgment. Brown, 906 F.2d at 670. In her case, that included securing expert testimony to substantiate her claims. Prior to issuing summary judgment, the district court put Ebanks on notice of what her obligations were, and Ebanks still failed to produce any expert witnesses. Thus, on this record, the district court committed no error of law, and there is no compelling justification to vacate the district court's order. Further, Ebanks's second and successive motion for post-judgment relief did not

present any basis for relief that had not been previously considered by the court.

See Arthur, 500 F.3d at 1343; Am. Bankers Ins. Co., 198 F.3d at 1338.

**AFFIRMED**.