[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14494
Non-Argument Calendar
_____

D.C. Docket No. 0:00-cv-06877-UU

THOR HOLM HANSEN,

Plaintiff - Appellant,

versus

NORMAN ROETTGER, et al

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 31, 2018)

Before JILL PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Thor Holm Hansen, proceeding *pro se*, appeals the district court's denial of his post-judgment motion, filed 14 years after the final judgment. After careful review, we affirm.

I.

In 2000, while serving a term of imprisonment, Hansen filed a *pro se* action against United States District Judge Norman Roettger, United States Attorney Bruce Zimet, and Ron Laytner, whom Hansen alleged was a Central Intelligence Agency operative, alleging that the defendants had conspired to obstruct justice and to violate his due process rights. In 2002, this Court affirmed the district court's dismissal of Hansen's complaint against Roettger and Zimet because the two defendants were entitled to absolute immunity. One year later, this Court affirmed the district court's dismissal of the complaint against Laytner, concluding that Hansen's action was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] In 2017, Hansen filed a *pro se* "Motion to Reopen Based on Wrongful Application of Law." Hansen argued in his motion that the district court made an error of law in concluding that his claims against Laytner were barred by *Heck*. The district court denied the motion to reopen without explanation. This is Hansen's appeal.

---

[1] *Heck* provides that a plaintiff seeking damages for unconstitutional conviction or imprisonment must have the sentence reversed on appeal or otherwise declared invalid before his claim under 42 U.S.C. § 1983 can proceed. *Heck*, 512 U.S. at 486-87. Under *Heck,* a complaint must be dismissed if a judgment in favor of the plaintiff would imply the invalidity of the conviction. *Id.* at 487.

II.

"A decision to alter or amend a judgment is reviewed for abuse of discretion, unless the ruling turns on a question of law.  If that is the case, this Court reviews the question of law *de novo*."  *EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1343 (11th Cir. 2016).

III.

The district court did not abuse its discretion in denying Hansen's "Motion to Reopen Based on Wrongful Application of Law."  Although Hansen did not specify the Federal Rule of Civil Procedure under which the motion was made, he alleged a mistake of law and thus his motion appropriately may be categorized as either a motion to amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b).  *See Finch v. City of Vernon,* 845 F.2d 256, 258 (11th Cir. 1988) (determining the type of motion based on its substance, regardless of label).  A Rule 59(e) motion may be granted only on the basis of newly discovered evidence or a manifest error of law or fact.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Additionally, the motion must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  A Rule 60(b) motion may be granted on the basis of "mistake" or "any other reason

3

that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).[2] A Rule 60(b) motion must be made "within a reasonable time," but, if the motion is based on mistake, it must be filed no later than one year after entry of judgment. Fed. R. Civ. P. 60(c)(1).

Whether we construe Hansen's motion as a Rule 59(e) motion to amend the judgment or as a Rule 60(b) motion for relief from judgment based on mistake, Hansen failed to meet the filing deadline. Hansen filed his motion 14 years after the final judgment, far beyond the 28 day deadline in Rule 59(e) and the one year deadline in Rule 60(b).[3] The district court thus was within its discretion to dismiss the motion.

Even if Hansen had timely filed his motion, its dismissal still would have been proper. A Rule 59(e) motion cannot be used "to relitigate old matters." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Similarly, a Rule 60(b) motion cannot be used instead of a proper and timely appeal. *Rice v. Ford Motor Co.*, 88 F.3d 914, 920 (11th Cir. 1996). Hansen's motion attempts to do just that: He argues that the district court erred in concluding that his claims were *Heck*-barred, but that argument could have been—

---

[2] Although Rule 60(b) provides other reasons that a court might relieve a party from final judgment, such as fraud or newly discovered evidence, Fed. R. Civ. P 60(b)(1)-(6), those reasons do not apply here.

[3] Even if we liberally construed Hansen's motion as a Rule 60(b) motion based on "any other reason that justifies relief," we would conclude it was untimely. Such a motion must be filed within a reasonable time, Fed. R. Civ. P. 60(c)(1), and 14 years after final judgment is not reasonable in this case.

and indeed was—argued on timely appeal from the final judgment. *See Hansen v. Roettger*, 77 F. App'x 509 (11th Cir. 2003) (unpublished table decision) (affirming the dismissal of Hansen's claim against Laytner as barred under *Heck v. Humphrey*). Accordingly, even assuming Hansen's motion had been timely, he raised an issue that previously was litigated and decided on appeal. The district court did not abuse its discretion in dismissing Hansen's motion.

**AFFIRMED.**