[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12155
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-23570-KMW


TERESITA VALDES,

                                                            Plaintiff-Appellant,

versus

SCHOOL BOARD OF MIAMI-DADE COUNTY,
School Board Attorney's Office
1450 NE 2nd Avenue Suite 400
Miami, FL 33132 305-995-1334,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 17, 2020)

Before GRANT, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Teresita Valdes is an employee of the Miami-Dade County School Board (the "School Board").  Proceeding *pro se*, Valdes brought several claims against the School Board.  She appeals the District Court's (1) denial of her request for preliminary injunctive relief, (2) dismissal of her amended complaint, and (3) denial of her motion for reconsideration.  Her appeal lacks merit.  Accordingly, we affirm.

I.

We first consider whether the District Court properly denied Valdes's request for preliminary injunctive relief.  We conclude that it did.

We review a district court's denial of temporary injunctive relief for an abuse of discretion.  *Horton v. City of St. Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001).  A district court may only grant a preliminary injunction if the movant shows all of the following:

> (1)[the claim] has a substantial likelihood of success on the merits, (2) the movant will suffer irreparable injury unless the injunction is issued, (3) the threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party, and (4) if issued, the injunction would not disserve the public interest.

*Id.*

Here, the District Court properly denied Valdes's request for injunctive relief because she did not sufficiently allege any of the four legal requirements for preliminary injunctive relief.

2

II.

We next consider whether the District Court properly dismissed Valdes's complaint on the ground that it was an impermissible shotgun pleading.

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Shotgun" pleadings, as we have repeatedly said, violate this requirement of a short and plain statement of a claim. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

Shotgun pleadings come in many forms. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Relevant here, a shotgun pleading is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before [it] and the last count to be a combination of the entire complaint." *Id.* at 1321. Among other things, these pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Therefore, a district court that receives such a complaint should strike it and instruct counsel to replead the case. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

Here, Valdes's complaint was a shotgun pleading because each count incorporated every preceding count. And although she might have been able to

argue that the District Court should not have dismissed her complaint with prejudice on this ground,[1] she waived that argument by failing to raise it both in the District Court and on appeal. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate."); *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("[I]ssues not raised before the district court will not be considered on appeal.").

### III.

We next consider whether the District Court properly denied Valdes's self-styled "Rule 60" motion for reconsideration of the Court's judgment. We conclude that the Court properly construed the motion as one under Federal Rule of Civil Procedure 59(e) and properly denied relief.

In classifying post-judgment motions, the style of the motion is not controlling. *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988). Generally, Rule 59 is the proper motion "for reconsideration of matters encompassed in a decision on the merits of the dispute." *Lucas v. Fla. Power & Light Co.*, 729 F.2d 1300, 1301 (11th Cir. 1984); *Finch*, 845 F.2d at 258. A Rule 59 motion may be granted only based on newly discovered evidence or a manifest error of law or fact, and it may not be used to raise new arguments, relitigate old

---

[1] We do not express any opinion regarding the merits of this hypothetical argument.

4

matters, or present evidence that could have been raised before the entry of judgment.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Here, the District Court properly construed Valdes's motion as one under Rule 59(e) because none of the bases for relief in Rule 60 were present and Valdes was essentially challenging the merits of the Court's previous ruling.  Likewise, the Court properly denied the motion because Valdes did not present any relevant new evidence or manifest errors of law or fact to the District Court in her motion.[2] Instead of raising new arguments, her motion reiterated the points she had previously raised.  Therefore, the District Court properly denied Valdes's motion for reconsideration.

## IV.

Accordingly, the judgment of the District Court is affirmed.

**AFFIRMED.**

---

[2] For example, her assertions about service of process are irrelevant because the School Board never claimed that it was improperly served.

5