[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10428

Non-Argument Calendar

_____

GEORGE WILLIAM WHEELER,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket Nos. 5:12-cv-08027-KOB,
5:09-cr-00260-KOB-HNJ-1

_____

Before WILSON, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

George William Wheeler, a federal prisoner, appeals the district court's order construing his motion filed under Federal Rules of Civil Procedure 59 and 60 as an unauthorized second or successive 28 U.S.C. § 2255 motion to vacate and dismissing the motion without prejudice for lack of jurisdiction. The government, in turn, has moved for summary affirmance of the district court's order.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review de novo a district court's dismissal of a § 2255 motion as second or successive. *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). We review the denial of a motion for reconsideration for an abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018). A district court abuses its discretion when it "applies an incorrect legal standard" or "follows improper procedures in making a determination."

*Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

Normally, a federal prisoner must collaterally attack his conviction and sentence through a § 2255 motion. *See* 28 U.S.C. § 2255(a); *Boyd*, 754 F.3d at 1301. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a prisoner can file only one § 2255 motion as a matter of right and must receive our permission to file a second or successive § 2255 motion. *Boyd*, 754 F.3d at 1301; *see* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244. Without our authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). When an earlier habeas petition is dismissed with prejudice or on the merits, a later petition is considered "second or successive." *See Boyd*, 754 F.3d at 1302.

In classifying post-judgment motions, we have determined that the style of a motion is not controlling. *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988). Post-conviction motions that raise "an asserted federal basis for relief from a state court's judgment of conviction" should be construed as habeas petitions, subject to the AEDPA's requirements. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (addressing when Fed. R. Civ. P. 60(b) motions should be construed as habeas petitions). The Supreme Court has explained that a motion for reconsideration is to be treated as a successive habeas petition if it (1) "seeks to add a new ground of relief"; or (2) "attacks the federal court's previous

resolution of a claim on the merits." *Id.* at 532. Where, however, a motion for reconsideration "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. *Id.*

Here, there is no substantial question that the district court properly dismissed without prejudice Wheeler's motion. *Groendyke Transp.*, 406 F.2d at 1162. To begin with, although Wheeler claimed that the district court failed to address his Sixth Amendment Confrontation Clause claim, the record shows that he did not raise such a claim in his original § 2255 motion or the amendments thereto. So although he claimed he was attacking the integrity of his § 2255 proceedings, Wheeler was instead seeking to raise a new claim for relief and attacking the district court's previous resolution of several of his other claims. Thus, the district court properly construed these motions as second or successive § 2255 motions. *See Gonzalez*, 545 U.S. at 532.

Wheeler brought before a § 2255 motion, which the district court denied with prejudice. And because he did not receive our permission to file a second or successive § 2255 motion, the district court did not have jurisdiction to consider his motions. *See Boyd*, 754 F.3d at 1302; *Farris*, 333 F.3d at 1216; 28 U.S.C. § 2255(h). Thus, the government's position that the district court properly dismissed without prejudice Wheeler's motions for lack of jurisdiction is "clearly right as a matter of law," and any appeal would be frivolous. *Groendyke Transp.*, 406 F.2d at 1162.

21-10428                Opinion of the Court                5

Accordingly, we GRANT the government's motion for summary affirmance. Wheeler's motions for judicial notice and discovery are DENIED.