[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13530

Non-Argument Calendar

_____

CARLOS A. ALONSO CANO,
as next friend of his minor daughters,
Katy Alonso Morejon and
Jany Leidy Alonso Morejon,
FE MOREJON FERNANDEZ,
KATY A MOREJON,
ANGIE A MOREJON,

                                        Plaintiffs-Appellants,

JANY L. ALONSO,

                                        Interested Party-Appellant.

*versus*

2                    Opinion of the Court                    23-13530

245 C&C, LLC,
CFH GROUP, LLC,

                                                    Defendants-Appellees,

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-21826-JAL

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Carlos Cano and his family appeal from four non-final orders concerning discovery sanctions, an evidentiary motion, a motion for judicial notice, and various motions to strike different filings. The non-final orders became reviewable after the district court entered its July 20, 2023, final order and judgment.[1] *See* Fed. R. App. P. 3(c); *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993).

---

[1] A magistrate judge issued one of the four designated orders. While we typically cannot review decisions of a magistrate judge directly, the parties consented to a magistrate judge issuing final orders on motions concerning discovery pursuant to 28 U.S.C. § 636(c). Therefore, the magistrate judge's order may be appealed directly to this Court. 28 U.S.C. § 636(c)(3).

23-13530                 Opinion of the Court                 3

Appellants filed a postjudgment motion on July 21, 2023, tolling the time to appeal these orders until the resolution of that motion on the same day. *See* Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e); *Finch v. City of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988). Thus, the 30-day statutory time limit required appellants to file a notice of appeal on or before August 21, 2023. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). However, appellants did not file the notice of appeal that created this appeal until October 20, 2023.

Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Hamer v. Neighborhood Hous. Servs. Of Chi.*, 138 S. Ct. 13, 21 (2017). Appellants earlier, timely notice of appeal from the final judgment remains pending in appeal number 23-12413.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.