[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12502

Non-Argument Calendar

_____

ALANDRIS D. GRIFFIN,

Plaintiff-Appellant,

*versus*

ANGELA M. PHILIPS,
Individual, non-parent,
JOSEPH M. WYLIE, JR.,
Individual, non-custodial parent,
KRISTIN KING,
Individual, Ex-Partner,
NA'KENDRA RHONE,
Individual, Girlfriend,
LITTLE JOURNEY PRESCHOOL, et al.,

Instrumentality,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:22-cv-00268-RSB-CLR

_____

Before JORDAN, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Alandris Griffin, *pro se*, appeals from the district court's denial of her motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b). She does not argue that the district court abused its discretion when it denied her motion but instead raises various arguments relating to the authority of magistrate judges, the denial of her requests for entry of default and default judgment, and the district court's ruling that she required its leave or an opposing party's consent to file her second and third amended complaints.

We review a denial of a motion for reconsideration under Fed. R. Civ. P. 59(e) or 60(b) for abuse of discretion. *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012). A Rule 60(b) motion must be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1). A Rule 59(e) motion must be filed no later than 28 days

after the entry of judgment.  Fed. R. Civ. P. 59(e).  We will not disturb a district court's decision on abuse of discretion review if it falls within a range of permissible choices and was not influenced by a mistake of law.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Whether a party characterizes a post judgment motion as a Rule 59(e) motion or a Rule 60 motion, the chosen labeling is not controlling, and the court must determine under which provision to construe the motion.  *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988).  This Court has explained that, while Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute, Rule 60 applies to motions for reconsideration of matters collateral to the merits.  *Id.* If a motion for reconsideration is filed within 28 days of the entry of judgment and calls into question the validity of the judgment, it should be characterized as a Rule 59(e) motion regardless of how it is styled.  *See id.* at 258-59.  Where a motion for reconsideration was not filed within 28 days of the judgment that it seeks to reopen, this Court construes it as falling under Rule 60(b).  *See Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003); Fed. R. Civ. P. 59(e).  Pro se pleadings are held to a less stringent standard than pleadings filed by lawyers, and thus are construed liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A Rule 59(e) motion to alter or amend the judgment may only be based upon newly discovered evidence or manifest errors of law or fact.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

A Rule 59(e) movant may not use the motion to relitigate old matters or to raise argument or present evidence that could have been raised prior to the initial entry of judgment. *Id.* Rule 60(b) provides for relief from final judgments or orders based on a number of different grounds including: mistake, inadvertence, surprise or excusable neglect; newly discovered evidence which could not have been discovered earlier with due diligence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; and any other reason justifying relief. Fed. R. Civ. P. 60(b).

Here, the district court entered judgment on November 30, 2023, and Griffin filed her motion to reopen on December 28, exactly 28 days later. Thus, Griffin's motion was filled within the time allowed by Rule 59(e). Fed. R. Civ. P. 59(e). As such, regardless of the fact that Griffin explicitly invoked Rule 60(b) in her motion, this Court may construe the motion as falling under either Rule 59(e) or Rule 60(b), depending on its contents. *See Finch*, 845 F.2d at 258-59.

Based on the contents of Griffin's motion, we construe it as proceeding under Rule 59(e). Although Griffin raised various arguments based on Rule 60(b), she also appeared to argue that the district court abused its discretion by terminating the defendants she added in her second and third amended complaints because she required leave or permission to file them, declining to grant her motions for default, and dismissing her case pursuant to Rule 41(b). Thus, construing her motion liberally, *Tannenbaum*, 148 F.3d at 1263, her arguments call into question the merits of the district

court's judgment and her motion can, therefore, be characterized as proceeding under Rule 59(e) regardless of its label, *see Finch*, 845 F.2d at 258-59.

However, even construing Griffin's motion as a Rule 59(e) motion, the district court did not abuse its discretion by denying her relief. First, to the extent that Griffin argued that she did not require the court's leave or the defendants' consent to file her second and third amended complaints and that the district court should have granted her motions for default judgment, she essentially reiterated arguments that she raised in several of her earlier filings. Accordingly, those arguments were an attempt to relitigate old matters, which is not permitted under Rule 59(e). *King*, 500 F.3d at 1343. Second, to the extent that Griffin argued in her motion that the district court abused its discretion by dismissing her case under Rule 41(b), this is an argument that she could have raised prior to the district court's entry of judgment by objecting to the R&R recommending dismissal, which she did not do. Therefore, this argument was an attempt by Griffin to raise an argument that could have been raised prior to the entry of judgment, which is also not permitted under Rule 59(e). *King*, 500 F.3d at 1343. As such, Griffin did not raise adequate grounds for the court to alter or amend its judgment under Rule 59(e), and the district court did not abuse its discretion by denying her motion. *Id.*

**AFFIRMED.**